IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB ANDERSON III,

        Plaintiff,

                                      6:13-cv-01552-PK

                                      FINDINGS AND
v.                                    RECOMMENDATION

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

PAPAK, Magistrate Judge:

        Plaintiff Jacob Anderson III ("Anderson") seeks judicial review of the Commissioner of Social Security's final decision denying his applications for social security insurance ("SSI") and disability insurance benefits ("DIB") under Titles II and IX of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). I have

considered all of the parties' briefs and all of the evidence in the administrative record. For the reasons set forth below, the Commissioner's final decision should be affirmed.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). The ability to perform basic work

activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b); *see also Bowen*, 482 U.S. at 141.  If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).  If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).  The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* SSR 96-8p, 1996 WL 374184.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If, in light of the claimant's RFC, the ALJ determines that

3 – FINDINGS AND RECOMMENDATION

the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). In the event the claimant is no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether the claimant can perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; see also 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs existing in significant numbers in the national economy, the claimant is conclusively found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a

conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* The Court may not substitute its judgment for that of the Commissioner. *See id., citing Robbins*, 466 F.3d at 882; *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Born in December, 1961, Anderson was 38 years old at his alleged onset date. Tr. 312.[1] He protectively filed for SSI and DIB in May, 2006, alleging disability as of May 15, 2000, due to back injury, sharp aching pains, and numbness in his legs and hips. Tr. 96-100, 101-07, 121. Anderson completed the tenth grade with special education services and has past work experience as a driller, janitor, cable puller, cable television installer, and fishing boat laborer. Tr. 30, 122, 126, 312, 331. After his applications were denied initially and on reconsideration, Anderson requested a hearing before an ALJ. Tr. 54-63, 65-71. Anderson appeared and testified before ALJ Gary Elliott on June 22, 2009. Tr. 26-47. Anderson was represented by an attorney at the hearing. *Id.* The ALJ also heard testimony from vocational expert ("VE") Kay Wise. Tr. 42-46, 87-88.

On August 27, 2009, ALJ Elliott issued a partially favorable decision finding Anderson not disabled from May 15, 2000 to April 24, 2006, but finding that he became disabled on April 25, 2006. Tr. 14-25. The Appeals Council denied Anderson's subsequent request for review in

December, 2010, and he sought judicial review. Tr. 1-3. In October, 2011, the District Court remanded the case to the Commissioner for further administrative proceedings. Tr. 377-78. The Appeals Council remanded the case to the ALJ to consider Anderson's limitations during the limited period from May 15, 2000 to April 24, 2006. Tr. 371-76. At a second hearing, held on April 22, 2013, the ALJ took testimony from medical expert Durado Brooks, M.D., regarding Anderson's functional limitations. Tr. 321-46.

In May, 2013, the ALJ issued a decision again finding Anderson was not disabled. Tr. 304-14. Anderson now seeks judicial review of that decision.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that Anderson had not engaged in substantial gainful activity since his alleged onset date May 15, 2000, through April 24, 2006. Tr. 307. At the second step, the ALJ found that Anderson had the severe impairment of degenerative disc disease of the lumbar spine. *Id.* Because Anderson's impairment was deemed severe, the ALJ properly proceeded to the third step of the analysis. *Id.*

At the third step, the ALJ found that none of Anderson's impairments met or equaled any of the impairments enumerated in 20 C.F.R. § 404, subpt P, app. 1. Tr. 307-08. The ALJ therefore conducted an assessment of Anderson's RFC. Tr. 308. The ALJ found that during the relevant adjudication period Anderson could perform light work with the following limitations: he could lift and carry 20 pounds occasionally and 10 pounds frequently; he could stand and walk for 2 hours in an 8 hour workday; he could sit for 6 hours in an 8 hour workday; he could occasionally operate foot controls with the right leg; he could not climb ladders, ropes, or scaffolds; he could occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance;

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative

6 – FINDINGS AND RECOMMENDATION

he should avoid concentrated exposure to vibration, unprotected heights, and moving machinery; he was limited to simple, entry level work with a reasoning level of 1 or 2; and he could not perform work requiring written instructions or written reports. Tr. 308.

At the fourth step of the five-step process, the ALJ found that Anderson was unable to perform any of his past relevant work. Tr. 312. At step five, the ALJ determined that Anderson could perform jobs that exist in significant numbers in the national economy including sander, assembler of electrical accessories, and plumbing hardware assembler. Tr. 313. Based on his step five findings, the ALJ concluded that Anderson was not disabled. Tr. 314.

## ANALYSIS

Anderson argues that the Commissioner erred because he omitted his right shoulder condition from the list of severe impairments at step two and, as a result, formulated an inaccurate RFC, causing further error. At step two of the sequential evaluation, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a). Step two findings must be based upon medical evidence. *Id.* An impairment is "not severe" if it "does not significantly limit [the claimant's] ability to do basic work activities." *Id.* "Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two." *Harrison v. Astrue*, 2011 WL 2619504, *7 (D. Or. July 1, 2011) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)).

The ALJ resolved step two in Anderson's favor. Tr. 307. He found that Anderson's only severe impairment was degenerative disc disease of the lumbar spine. *Id.* The ALJ supported his findings, noting that that the record did not show any significant limitation caused by

record filed herein as Docket No. 9.

Anderson's alleged joint disease of the right shoulder during the relevant period. *Id.* For example, consulting physician Martin Kehrli, M.D., who diagnosed Anderson's moderate right shoulder degenerative joint disease based on an MRI from August, 2000, opined that the record did not support a finding that Anderson's shoulder impairment was severe. Tr. 243-44, 248. At the hearing, Dr. Brooks concurred with Dr. Kehrli's findings, testifying that Anderson's only impairment during the relevant period was degenerative disc disease of the lumbar spine. Tr. 327-28. The ALJ's step two findings were thus supported by the medical evidence, and the ALJ did not err omitting Anderson's shoulder impairment from the list of severe impairments at step two. 20 C.F.R. § 416.920(a).

Anderson argues that the ALJ nevertheless erred later in his decision because "the RFC failed to account for any degenerative joint disease limitations." Pl.'s Br. 10. The RFC included limitations on Anderson's use of his arms and shoulders, including the limitation that Anderson lift or carry 20 pounds only occasionally, and 10 pounds frequently. Tr. 308. Anderson does not point to any limitations substantiated by the record that were omitted from the RFC, and the Court finds no evidence in the record that Anderson's shoulder condition significantly limited his work activities beyond those limitations stated in the RFC. The ALJ considered Anderson's shoulder disorder when formulating the RFC, and incorporated all of Anderson's credible limitations into the RFC. *See Lewis*, 498 F.3d at 911. The ALJ's decision should be affirmed.

## RECOMMENDATION

The ALJ's decision was supported by substantial evidence and should be affirmed. A final judgment should be entered.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Recommendation. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

Dated this 20th day of August, 2014.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

9 – FINDINGS AND RECOMMENDATION